Fuchsberg, J.
(dissenting). Special Term’s holding that “[t]here is no rational basis for the classifications here under review” (109 Misc 2d 107, 113) is eminently correct.
Far from the Legislature having adopted “price differentials for those serving in different areas of the State” (at p 464), whether on the basis of population, caseload or cost of living, the criteria which occur to the majority, or, for that matter, to any other factors, be these qualifications, experience, length of service or any other acceptable justification for singling out certain members of the same court, these differences were totally disregarded. Rather, the only basis for the patent discrimination to which plaintiffs point *465 is the historical fact that in times gone by it was permissible for each of the 62 counties of the State, all discrete governmental units, to set whatever salary it thought best. And, lest there be any doubt on this score, although the respondent on this appeal, Chief Administrator of the Courts, now urges that we hold that the system adopted by the Legislature be found not to violate the plaintiffs’ equal protection rights, his official report made a point of noting that the differences in compensation with which we deal in this case indeed are due solely to “the former system of court funding by local government” (Report of the Chief Administrator of the Courts to the Governor, the Legislature and the Chief Judge of the Court of Appeals [pursuant to L 1979, ch 55]). Such a ground, standing alone, will not support the disparate treatment here (Weissman v Evans, 56 NY2d 458, 464).
This though the “long-heralded and legislatively indorsed substitution of State for local control of the courts” (56 NY2d, at p 466) ushered in by section 1 of article VI of our State Constitution took this power and obligation away from the counties and placed it in one authority, the State. For court unification, “unimpeded by artificial local boundaries”, was to eliminate “the discordant results which were bound to flow from the discredited funding practice which permitted each county to go its own way” (Weissman v Evans, supra, at p 464).
Nevertheless, irrational disparities, which no nonhistorical theory can explain, continue to abound. For example, bearing in mind that a geographical distinction without rational basis will offend equal protection (Manes v Goldin, 400 F Supp 23, 29, affd 423 US 1068), while the State paid the Onondaga Surrogate $48,000 per annum for managing a caseload of 1,868 probate and accounting petitions in a county which ranked tenth in population, his counterpart in Richmond County, which ranked eleventh, received $10,000 more for managing a load of only 648 petitions. An even more topsy-turvy illustration, say from the County Court, is found in a comparison between the $53,928 paid to the Judge of that court in Broome County, where the load of 445 case filings was the largest in the State, with that of his fellow Judge in more rural Sullivan County *466 (where, though the filings numbered only 112, the County Judge received $58,422) or the salary of their Putnam County colleague (who, though concerned with but 39 filings, was the recipient of $61,792).
Equal protection does not, to be sure, demand absolute uniformity. So a broad classification may be divided into subclasses whose distinctions are not governed by mathematical nicety. By equal logic, a total failure to classify should not validate invidious discrimination within the resulting broad classification. It follows that to treat the salary levels of the County, Family and Surrogate’s Court Judges as though they still are set by 62 separate counties rather than by the unitary State government upon which this responsibility has been imposed is to mock not only the equal protection principle in general, but, as applied to fair compensation, our pretensions of uniformity in particular.
Finally, as to Matter of Tolub v Evans (58 NY2d 1), from which the majority seeks succor, it is enough to note that the salary differential which prevailed among the law assistants there was, as our court took the pains to note (58 NY2d 1, 9-10), then in the process of being equalized during an ongoing transitional period which the Legislature had established to wipe out the inequality. Consequently, whatever the merits of the equal protection claim there, it is not to be equated with the present case, where the inequality has been completely ignored.
It follows that the order of the Appellate Division should be reversed and judgment entered declaring (1) the Unified Court Budget Act unconstitutional insofar as it denies equal protection of the laws to the plaintiffs, County Court Judges, Family Court Judges and Surrogates by whom this suit is brought and (2) that, accordingly, these Judges are entitled to retroactive salary increments.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur in Per Curiam opinion; Judge Fuchsberg dissents and votes to reverse in a separate opinion; Chief Judge Cooke taking no part.
Order modified, with costs to respondents, in accordance with the opinion herein and, as so modified, affirmed.